# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:99 CR 75-5
### 4:99 CR 43-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL JAMES PATTERSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to an oral motion made by Defendant's, Attorney William E. Loose, stating that Defendant desired that Mr. Loose withdraw as counsel for the Defendant and new counsel be appointed. Upon the call of this matter, it appeared that Defendant was present with his counsel, William E. Loose, and the Government was present through Assistant United States Attorney, Tom Ascik. From the statements of Mr. Loose and the statements of the Defendant, the Court makes the following findings.

**Findings**: The undersigned called the matters involving the Defendant on for hearing on May 19, 2014. Two petitions had been filed alleging that Defendant had violated terms and conditions of his supervised release. At the initial appearance hearing of the Defendant on May 16, 2014, the Defendant requested

that counsel be appointed to represent him. Mr. Loose was selected by the Federal Defenders' Office to represent the Defendant. At the call of the matter, Mr. Loose advised that during his initial meeting with Defendant, Defendant had requested that Mr. Loose withdraw as counsel for Defendant and that new counsel be appointed. The undersigned then conducted an inquiry to determine the reasons for the request for withdrawal. The inquiry with the Defendant was conducted in a sealed proceeding that shall appear of record.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) inquiry as to the reasons why the Defendant does not wish for Mr. Loose to represent him in this matter; and (3) whether or not there is such a conflict between the Defendant and Mr. Loose that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

In regard to the first factor, the Court finds that Defendant's motion for substitution of counsel is timely. An initial appearance was held on May 16, 2014 and the proceedings against the Defendant have just been initiated. This factor must be weighed in favor of granting the motion.

The undersigned inquired as to the reasons for any conflict between Defendant and Mr. Loose. This inquiry shall appear in the sealed proceeding. From the conversation, the undersigned does not find there is any conflict between Defendant and Mr. Loose that would prevent an adequate defense. This factor must be weighed against granting Defendant's motion.

The undersigned has further examined the matter to determine whether or not there is such a conflict between Mr. Loose and the Defendant that there is a total lack of communication between them preventing an adequate defense. The undersigned cannot find that such a conflict exist.

After considering all of the factors, it appears there is time within which to appoint other counsel to represent Defendant. The undersigned finds that as a result of the inquiry made by the Court, the undersigned can find no good reason to appoint an attorney to represent Defendant in substitution for Mr. Loose. Finally, the Court those not find there is a lack of communication between Mr. Loose and the Defendant that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the oral motion for substitution of counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the oral motion of Defendant to substitute counsel in place of his attorney William E. Loose is **DENIED.**

Signed: May 24, 2014

Dennis L. Howell
United States Magistrate Judge